UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FIORE,<br><br>       Plaintiff,<br><br>    v.<br><br>DWIGHT NEVEN,<br><br>       Defendant. | Case No. 16-cv-00282-VC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 1 |

    Fiore's petition for a writ of habeas corpus is denied. This order assumes the reader's familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

    The Court is skeptical of Fiore's argument that de novo review should apply, particularly in light of *Ochoa v. Davis*, 50 F.4th 865, 888 (9th Cir. 2022). But even on de novo review, there is no "reasonable probability" that the outcome would have been different with respect to the counts at issue in this habeas petition if defense counsel had presented favorable expert testimony. *See Harrington v. Richter*, 562 U.S. 84, 111-12 (2011). There is no doubt that the testimony would have undercut the state's contention at trial that Fields was in the front seat at the time he was shot, as well as the state's contention that Fiore shot Fields. But it would not have meaningfully undercut the remaining counts for which Fiore was found guilty. To start, none of the expert testimony pertained to the robbery at the beginning of the night. And although Fiore contends that the expert testimony bolsters his overall credibility, thereby strengthening his duress defense with respect to his non-murder convictions, his version of events is seriously undermined by the trial evidence.

    Based on the number of people in the house during the robbery and the house layout, it

seems highly unlikely that Fields would have been able to pull off the robbery without any shots being fired if not for the willing assistance of Fiore. The state also presented two eyewitnesses who testified that Fiore wielded the glock handgun during the robbery. And it is undisputed that Fiore was the one in possession of the glock at the end of the car chase when he used it to shoot himself. Moreover, the state presented evidence that shots from the glock were fired at Noland, while shots from the AK-47 (held by Fields) were fired at Officer Nelson. Therefore, for Fiore's story to make sense, Fields—who was shooting the AK-47 out of the vehicle during most of the chase—would have had to switch from the AK-47 to the glock to shoot at Noland on the driver's side and then switch back to the AK-47 to fire out the other side of the vehicle at Nelson, all within a matter of seconds. This theory is borderline fantastical (particularly given the evidence that Fiore possessed the glock at the beginning and end of the incident), and the proposed expert testimony would not have made it any less so. Fiore has thus failed to show it is reasonably likely that the jury would have found differently with respect to his non-murder convictions.

   A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

   **IT IS SO ORDERED.**

Dated: April 17, 2024

_____
VINCE CHHABRIA
United States District Judge